IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BOOKER T. SHIPP,

       Plaintiff,

 v.

ROBERT HOBDAY,

       Defendant.

ORDER

17-cv-955-jdp

---

  Plaintiff Booker T. Shipp, appearing pro se, is an inmate at New Lisbon Correctional Institution. In this lawsuit, Shipp alleges that defendant dentist Robert Hobday violated his rights under the Eighth Amendment and Wisconsin negligence law by failing to fully extract one of Shipp's teeth and then delaying in correcting the mistake by extracting the rest of the tooth.

  Shipp has filed a motion for appointment of counsel. Dkt. 12. But litigants in civil cases do not have a constitutional right to counsel, and I do not have the authority to appoint counsel to represent a pro se plaintiff in a civil matter. Rather, I can only assist in recruiting counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007) (en banc).

  To show that it is appropriate for the court to recruit counsel, a plaintiff must first show that he has made reasonable efforts to locate an attorney on his own. *See Jackson v. Cty. of McLean*, 953 F.2d 1070, 1072–73 (7th Cir. 1992) ("the district judge must first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts"). To meet this threshold requirement, this court generally requires plaintiffs to submit correspondence from at least

three attorneys to whom they have written and who have refused to take the case. Shipp has submitted two such letters, and he states that a third lawyer has not written him back. I conclude that Shipp has made reasonable efforts.

But the court will seek to recruit counsel for a pro se litigant only when the litigant demonstrates that his case is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds his ability to prosecute it. *Pruitt*, 503 F.3d at 654–55. The court must decide for each case "whether this particular prisoner-plaintiff, among many deserving and not-so-deserving others, should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests." *McCaa v. Hamilton*, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring).

Shipp says that he has limited legal knowledge and the case will involve complex medical issues. But his lack of legal knowledge is a common barrier for pro se litigants in this court. And it is far too early in this litigation to tell whether the case will truly boil down to complex medical issues. For example, the case has not even passed the relatively early stage in which defendants often file a motion for summary judgment based on exhaustion of administrative remedies, which can end up in dismissal of cases like this one before they advance deep into the discovery stage of the litigation.

So I will deny Shipp's motion. As the case progresses, if he continues to believe that he is unable to litigate the lawsuit himself, then he may renew his motion, but he will have to explain what specific litigation tasks he cannot perform himself.

Shipp has also filed a motion for entry of default against Hobday. Dkt. 13. But Shipp filed this motion Hobday's deadline for filing an answer, and Hobday indeed filed his answer by the deadline set by the court. *See* Dkt. 15. So I will deny Shipp's motion.

ORDER

IT IS ORDERED that:

1. Plaintiff Booker T. Shipp's motion for the court's assistance in recruiting him counsel, Dkt. 12, is DENIED to him renewing it at a later date.

2. Plaintiff's motion for entry of default, Dkt. 13, is DENIED.

Entered October 29, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge