IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BOOKER T. SHIPP,

                Plaintiff,                TRIAL PREPARATION
v.                                ORDER

ROBERT HOBDAY,                      17-cv-955-jdp

                Defendant.

---

Pro se plaintiff Booker T. Shipp contends that defendant Robert Hobday, the dentist at Shipp's prison, failed to fully extract one of his teeth and then delayed in correcting the mistake by failing to extract the rest of the tooth until months later, after it had become infected and caused him severe pain. Shipp brings claims under the Eighth Amendment to the United States Constitution and Wisconsin medical negligence law.

Trial is set for February 6, 2023. I will hold a final pretrial conference by video on January 27, 2023, at 10:00 a.m.

This order will describe how I generally conduct a trial and explain to the parties what written materials they are to submit before trial. READ THIS ORDER NOW. Both sides must review the order very carefully; it contains important instructions and may answer the parties' questions about the trial. Several times in this order, I refer to this court's trial procedures. I have included a copy of the trial procedures with this order.

A.  **Courtroom behavior**

I expect that the parties will behave in a respectful manner throughout the course of trial. This means that the parties should not raise their voices, interrupt each other (or the judge), or argue with witnesses.

It is understandable that pro se litigants will make mistakes. If that happens, try not to get frustrated. Instead, listen carefully to the instructions the judge gives and try again.

**B. Proving Shipp's claims**

At the trial, it will be Shipp's job to prove his claims against Hobday. Because Shipp has the burden of proof, he puts in his evidence first. To avoid having his case dismissed before Hobday puts in his defense, Shipp must present enough evidence to allow a reasonable jury to find that each legal element of his claim has been proven by a preponderance of the evidence.

Shipp brings an Eighth Amendment claim against Hobday for Hobday's failure to properly treat Shipp in late March 2017 after he complained that the site of his first tooth extraction surgery was infected and painful.

To succeed on his Eighth Amendment claim, Shipp must prove the following things:

1. **Shipp had a serious medical need. A serious medical need is a condition that a doctor says requires treatment or something so obvious that even someone who is not a doctor would recognize that it requires treatment.**

2. **Hobday was aware that Shipp had a serious medical need or strongly suspected facts showing a strong likelihood that Shipp had a serious medical need but refused to confirm whether these facts were true.**

3. **Hobday consciously failed to take reasonable measures to provide treatment for the serious medical need.**

4. **As a result of Hobday's actions or inaction, Shipp was harmed.**

*See* Seventh Circuit Civil Jury Instruction 7.17.

Shipp also brings claims under Wisconsin medical malpractice law: Shipp contends that Hobday was negligent both in failing to adequately perform the first tooth extraction surgery and in waiting to perform a second surgery.

To succeed on his medical negligence claims, Shipp must prove the following things:

1. **Hobday failed to use the required degree of skill exercised by an average medical professional in Hobday's field.**

2. **Shipp was harmed by Hobday's failure.**

3. **There is a causal connection between Hobday's failure and Shipp's harm.**

*See* Wis. JI–Civil 1023.

Shipp may prove his case in various ways. For example, he can take the witness stand himself and testify about what happened. He is also entitled to call witnesses and present other forms of evidence. As this case has progressed, Shipp should have been collecting the information necessary to prove his claims by following the Federal Rules of Civil Procedure. Those rules explain the proper way to obtain documents and information that cannot be obtained through an informal request. In determining what evidence to present, Shipp should remember a few things:

- **The jurors will know nothing about the case.**

The jurors will not have reviewed the complaint or any of this court's orders or opinions related to the case. Moreover, neither side may use the complaint or any of this court's orders or opinions related to the case to prove the truth of Shipp's claims. It is Shipp's job to provide the jury all the evidence it needs to render a verdict in his favor. If a particular piece of evidence is not introduced during trial, the jury may not consider it, even if the evidence was filed with a party's summary judgment materials or other court filings.

Remember that the jurors have probably never seen a prison and do not have a lot of knowledge about how a prison works. It is up to the parties to provide evidence explaining the circumstances surrounding the events at issue at trial.

- **All factual evidence offered at trial must meet the requirements of the Federal Rules of Evidence.**

Although it is impossible to predict which rules may be important in a given trial, the most commonly cited rules are those relating to hearsay (Rules 801–807), relevance (Rules 401 and 402), unfair prejudice (Rule 403), character evidence (Rules 404 and 608), and prior statements of witnesses (Rule 613). If one party asks questions or offers an exhibit that does not comply with these rules or any other Federal Rule of Evidence, the other party may raise an objection with the court.

- **The Federal Rules of Evidence limit the testimony of witnesses.**

Witnesses may give testimony on any relevant matter about which they have personal knowledge. Witnesses generally cannot give hearsay testimony. This means that a witness cannot testify about what someone else said outside the courtroom because the accuracy of such a statement cannot be tested by the opposing party. There are a number of exceptions to this general rule that are set out in Rules 803 and 804.

- **Documentary evidence will not be admissible unless the document is "authenticated."**

Under Federal Rule of Evidence 901, a party who wishes to rely on a piece of evidence at trial must show that the evidence is what that party claims it to be. For example, if a party wishes to introduce a particular document, the party may satisfy Rule 901 by calling a witness who has personal knowledge that the document is an accurate copy. (This is the most common method of satisfying Rule 901, but other methods are listed in the rule.) Alternatively, the

parties may stipulate to the authenticity of a piece of evidence. I strongly encourage the parties to stipulate to the authenticity of documents before trial.

- **A party may not introduce affidavits into evidence or read from them at trial.**

Affidavits are hearsay statements made outside the courtroom, as are statements that Shipp made in a complaint or grievance. Because statements made in an affidavit, complaint, or grievance are hearsay, these documents cannot be introduced at trial to prove the truth of statements contained within them. However, a person who has completed an affidavit may appear in person to testify as a witness if he or she can offer testimony that is relevant to the lawsuit. Also, if at trial a witness testifies to facts that are inconsistent with previous statements the witness made in an affidavit or other document, a party may use the witness's earlier statements to challenge the credibility of the witness on cross-examination.

- **Orders or opinions from this court, the court of appeals, or the Supreme Court are not evidence.**

Shipp may consult this court's orders and other case law in deciding how to prove his case, but he may not submit them as exhibits or discuss them in front of the jury.

C. Witnesses

The parties have until December 30, 2022, to disclose the names and addresses of their trial witnesses. A copy of the procedures for calling witnesses to trial was sent to the parties with the court's pretrial conference order. Dkt. 16. I will send another set of those materials to Shipp along with this order.

- **Presenting Shipp's testimony at trial**

Shipp is entitled to present his own testimony at trial. Because this is a pro se trial, the presentation of Shipp's own testimony will be different from the testimony of other witnesses.

For example, when presenting testimony of other witnesses, Shipp would need to ask the witness questions about what happened. But when Shipp testifies himself, he may present his testimony and explain what happened to him in a narrative form (without asking himself questions). Usually, witnesses testify from the witness stand. But I will allow Shipp to testify from the counsel table, so that he can more easily manage his documents.

The Federal Rules of Evidence will still apply. For example, Shipp's testimony must be based on his own observations and experience. Defense counsel can also object during Shipp's testimony, and when that happens, Shipp should stop, wait for me to rule on the objection, and continue testifying only after my ruling. I will explain the procedures about objections in more detail below.

- **Calling incarcerated witnesses to testify at trial**

I remind the parties that if they wish to call an incarcerated witness to testify, they must serve and file a petition for the issuance of a writ of habeas corpus ad testificandum. The procedures for doing so were attached to the pretrial conference order and are attached to this order. With the motion, they must file supporting affidavits with the following information:

- a showing that the witness is willing to appear voluntarily;
- a description of the testimony the witness will give;
- an explanation of how the witness has personal knowledge of information relevant to a claim or defense ("relevant to" means that the information relates to and explains some part of a claim or defense); and
- whether the party wants the witness to testify in person or by videoconference.

I will direct the clerk of court to issue a writ of habeas corpus ad testificandum for Shipp's own attendance at trial and for any other witness for whom a writ is necessary. It is possible that because of the coronavirus pandemic, I will require other incarcerated witnesses

to testify by videoconference unless the party calling the witness persuades me that the witness's physical presence in the courtroom is crucial to the party's case. More details about calling prisoner witnesses are contained in the procedures for calling witnesses that are attached to this order.

- **Calling unincarcerated witnesses to testify at trial**

If a party wishes to call a nonprisoner witness, the party may ask the witness to testify voluntarily. If the witness will not agree, the party must subpoena the witness and pay the required witness fees. The court does not have the authority to waive those fees, even if the party is proceeding in forma pauperis. More details about calling nonprisoner witnesses are contained in the procedures for calling witnesses that are attached to this order. It is possible that because of the coronavirus pandemic, unincarcerated witnesses may testify by videoconference. In that case, plaintiff will be required to pay the daily witness fee but will not need to pay mileage costs.

- **Calling defendant Hobday to testify at trial**

Shipp should note that he cannot expect Hobday to be present at trial. To avoid uncertainty, I will give Hobday a deadline to inform Shipp and the court whether he will attend each day of the trial. If Hobday does not agree to attend the trial, then Shipp will have to follow the attached procedures for calling unincarcerated witnesses if he wants Hobday to testify.

D. **Trial materials and motions**

The schedule for submitting pretrial materials is as follows:

- **Motions in limine**: December 30, 2022
- **Responses to motions in limine**: January 13, 2023

7

A party might file a motion in limine to get an advance ruling on an evidentiary question, such as whether I should exclude improper evidence that the party believes the other side may try to submit. ("In limine" means at the threshold; in this instance, at the threshold of trial.) Motions in limine are not intended to resolve disputes regarding all pieces of evidence; most evidentiary objections can be made during trial. However, in some cases in which there are disputes regarding evidence having a potentially significant impact on the course of trial, it may be appropriate to seek a ruling in advance.

- **Voir dire, jury instructions, and verdict forms: December 30, 2022**
- **Objections to the opposing side's voir dire, instructions, and verdict forms: January 13, 2023**
- **Exhibit list and complete set of all of exhibits to be used at trial: December 30, 2022**

I expect the parties to work off of the standard voir dire questions and jury instructions that were attached to the pretrial conference order and are attached to this order. The parties may add to the standard voir dire questions and jury instructions by submitting their proposed questions or instructions to the court and the opposing party. The parties do not need to submit copies of the standard voir dire questions and jury instructions issued by this court, but if they believe a particular standard item should not be used in this case, they should inform the court.

As for the parties' submission of exhibit lists, I require the parties to submit their lists on a form provided by the court, which is also attached to this order. Because Shipp is a pro se litigant, I will allow some leeway with these procedures. For instance, he does not need to submit his exhibits in a three-ring binder or provide those copies to the court before the day of trial. But he is still required to use the attached form for his exhibit list.

**Along with the exhibit lists, the parties should also exchange copies of their exhibits and submit a copy of all exhibits to the court**. Copies submitted to the court may be sent to the clerk's office in physical or electronic format, or submitted using the prison's e-filing program.

**Note well:** The parties should keep the original copies of their exhibits in their possession so that they have them at the time of trial.

E. **Final pretrial conference**

I will hold a final pretrial conference by video on January 27, 2023, at 10:00 a.m. The purpose of that conference is to make sure that the parties are ready for trial. I will discuss issues that arise from the parties' pretrial submissions, my rulings on the parties' motions in limine, and my rulings on any objections to the parties' trial exhibits.

F. **Trial overview**

The trial will begin on February 6, 2023, and will be held in courtroom 260. I will meet with the parties at 8:30 that morning so that they may raise any final issues they need to discuss outside the presence of the jury.

1. **Jury selection—voir dire questions**

The trial itself will begin with jury selection at 9:00 a.m. I will ask the potential jurors standard "voir dire" questions, which they must answer under oath. ("Voir dire" means "to speak the truth.") This is the parties' chance to observe the potential jurors while they are being questioned so that the parties can decide which prospective jurors to strike from the panel when the time comes to exercise their strikes.

A total of 14 possible jurors will be called for trial. When I have finished questioning the 14, each side will be allowed to strike the names of three potential jurors. Shipp will strike

one name, Hobday will strike one name, Shipp one name, Hobday one name, etc., leaving eight persons who will make up the jury.

### 2. Opening statements

After the parties select the jury, Shipp will give an opening statement describing his claims. An opening statement should give the jury an idea of what the case is about and what the jurors will see and hear from the witnesses and from the exhibits that Shipp will offer into evidence. The opening statement is not a time to give testimony. What is said during opening statements is not evidence. Therefore, if one party begins to make comments in the nature of testimony, and the other party objects, I will interrupt the party speaking and instruct the jury to not consider the testimony-like statements.

Following Shipp's opening statement, defense counsel is allowed to make a statement about Hobday's case. If counsel wishes, they may choose to delay the statement until the beginning of Hobday's case.

### 3. Presentation of evidence

After the parties have given their opening statements, Shipp will present his case by submitting evidence. This is called Shipp's "case in chief." Shipp may provide his own testimony, call other witnesses, and submit properly authenticated documents.

If a party calls a witness to testify, the party must ask the witness questions that are relevant to the claim or claims being tried. This is called "direct examination." The party may not give his own testimony during direct examination and may not argue with the witness if the party believes that the witness has given incorrect or improper testimony. If the party believes that the witness has not answered the question, the party may repeat the question or ask the question a different way.

The parties are reminded that witnesses other than experts are limited to testimony about their own observations. Therefore, the person questioning a witness should ask questions at the beginning about how the witness came to know the facts about which the witness is testifying: Where was the witness at the time? Was the witness close enough to hear and see what was going on? What reason did the witness have to pay attention to what was going on?

When the party is finished asking the witness questions, it is the other side's turn to ask the witness questions. This is called "cross-examination."

If a party believes that a witness is giving testimony that does not comply with the Federal Rules of Evidence, the party may raise an objection with the judge and tell the judge the reason for the objection. If the judge agrees with the objection, the objection will be "sustained," and the witness will not be allowed to answer the question. If the judge does not agree with the objection, the objection will be "overruled," or denied.

If Shipp wishes to offer a document as evidence, he must include the document in his exhibit list. Before the document can be shown to the jury, Shipp must ask a witness who has personal knowledge of the document to explain what the document is. There is an exception to that rule if the other side agrees that the document is admissible.

After defense counsel are finished, Shipp may present additional evidence to rebut Hobday's case. Any testimony or other evidence presented during this phase of the trial is limited to responding to evidence introduced by defense counsel. Shipp may not introduce new evidence simply because he failed to address a matter in his case in chief.

Before the case has been sent to the jury, either party may move for judgment in their favor on the ground that no reasonable jury could find for the opposing party based on the evidence presented at trial. Fed. R. Civ. P. 50(a)(2).

4. **Closing arguments**

After the parties have presented their cases, Shipp will give a closing argument explaining why the evidence presented at trial supports a verdict in his favor. As with the opening statement, the closing argument is not a time to offer new testimony. Shipp should focus on the evidence presented during the trial and attempt to explain to the jury why this evidence is sufficient to prove his claims against Hobday. In a closing argument, a party may explain why they believe that their witnesses are more credible, why their evidence should be given more weight, and what inferences may be drawn from the evidence presented.

**G. Damages**

If the jury finds that Shipp is entitled to a verdict in his favor, it may award compensatory damages in an amount that reasonably compensates Shipp for the injuries or damages he suffered as a result of Hobday's acts. It will be Shipp's burden at trial to prove any losses he sustained. If Shipp proves a claim but cannot prove compensable harm, he will be entitled to nominal damages of $1. A plaintiff who is a prisoner at the time he files a lawsuit may recover damages for emotional harm only if he proves that he suffered a physical injury because of the defendant's conduct. 42 U.S.C. § 1997e(e).

To recover punitive damages, Shipp will have to prove that Hobday acted with evil motive or intent or with reckless or callous indifference to his constitutional rights. If Shipp satisfies the legal standard for punitive damages, the jury may, but is not required to, award these damages.

H. **Miscellaneous trial issues**

- **Street clothes**

Incarcerated plaintiffs may appear at trial in street clothes rather than prison garb. Shipp may wear street clothes, but it is his responsibility to arrange for that clothing. If Shipp wishes to wear street clothes during trial, he should arrange for clothes to be available for him by asking a family member or friend to either mail or deliver clothing to the office of the Clerk of Court, 120 N. Henry Street, Room 320, Madison, WI 53703, so that the clerk's office receives the clothing no later than 8:00 a.m. on the first day of trial. Alternatively, Shipp may ask prison officials to transfer his clothing to the clerk's office when they bring him to the courthouse for trial. Whether the prison officials would agree to do this is a matter within their discretion.

- **Restraints**

Restraints, particularly visible restraints, are rarely necessary in prisoner trials in this court. But I will take input from the parties on what they believe is necessary for Shipp and any incarcerated witness who is asked to testify. Should restraints be necessary, a stun belt is often appropriate.

ORDER

IT IS ORDERED that:

1. The clerk of court is directed to issue a writ of habeas corpus ad testificandum for the attendance of plaintiff Booker T. Shipp at trial beginning on February 6, 2023. Plaintiff should arrive at the courthouse no later than 8:00 a.m. on the first day of trial, and no later than a half hour before the start of any following trial day.

2. The clerk of court is directed to send a copy of this order and a copy of this court's trial procedures to plaintiff.

3. The court will hold a final pretrial conference by video on January 27, 2023, at 10:00 a.m. The clerk of court is directed to set up the video conference. Counsel for defendant are directed to make the arrangements for plaintiff's participation in the conference.

4. NO LATER THAN December 30, 2022, the parties are to file and serve any motions for the issuance of subpoenas or writs of habeas corpus ad testificandum, together with supporting affidavits revealing the witness's willingness to appear voluntarily. Responses to those motions are due January 13, 2023.

5. NO LATER THAN December 30, 2022, the parties are to file and serve any motions in limine they wish to bring. Responses to those motions are due January 13, 2023.

6. NO LATER THAN December 30, 2022, the parties are to file and serve: (a) proposed questions for voir dire examination; (b) a proposed form of special verdict; (c) proposed jury instructions; (d) a witness list; (e) an exhibit list; and (f) a copy of exhibits to be used at trial. The parties should not submit copies of the standard voir dire questions and jury instructions issued by this court. Responses are due January 13, 2023.

7. NO LATER THAN December 16, 2022, defendant is to inform plaintiff and the court whether he will attend each day of the trial without a subpoena.

8. The court retains the discretion to refuse to entertain special verdict forms or jury instructions not submitted on time, unless the subject of the request is one arising in the course of trial that the party could not reasonably have anticipated before trial.

Entered November 22, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge