IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BOOKER T. SHIPP,

                Plaintiff,

v.

ROBERT HOBDAY,

                Defendant.

PRETRIAL ORDER

17-cv-955-jdp

---

Plaintiff Booker T. Shipp alleges that defendant Robert Hobday, the dentist at New Lisbon Correctional Institution, failed to fully extract one of his teeth and then delayed in correcting the mistake by failing to extract the rest of the tooth until months later, after it had become infected and caused him severe pain. Shipp brings claims under the Eighth Amendment and Wisconsin medical negligence law.

Trial is set for Tuesday, May 30, 2023. The court will hold a final pretrial conference on May 17, 2023 at 2:30 p.m. This order addresses the parties' motions in limine.

**A. Shipp's motions in limine**

Shipp has filed 11 motions in limine. Dkt. 91. Hobday does not object to Shipp's motions (1) limiting questioning about his prior felonies; (2) excluding evidence about Shipp's prior lawsuits or grievances unrelated to the events of this case; (3) sequestering non-party witnesses from the courtroom; (4) barring witnesses not previously disclosed—with the possible exception of rebuttal to unexpected evidence; (5) excluding evidence of settlement offers; (6) excluding evidence or argument that defendant is personally liable for damages; (8) excluding evidence not previously disclosed to Shipp; (10) excluding evidence or argument

appealing to jurors' self-interest as taxpayers; and (11) excluding any "refusal of recommended treatment" form not already disclosed to Shipp. I will grant those motions.

In Shipp's seventh motion, he requests that Hobday be precluded from introducing evidence or argument about Hobday's prior commendations or awards. Hobday does not object to this motion, provided that I also grant his own third motion in limine, in which he seeks to preclude Shipp from referring to other legal proceedings or grievances against Hobday or defense witnesses. Shipp does not oppose Hobday's motion. I will grant both of those motions.

That leaves Shipp's ninth motion, in which he requests that Hobday be precluded from introducing any statements by Shipp not already disclosed to him. Hobday objects, reserving the right to introduce undisclosed prior inconsistent statements made by Shipp if necessary to impeach Shipp at trial. I agree that Hobday wasn't required to disclose evidence that he will use solely for impeachment. *See* Fed. R. Civ. P. 26(a)(1)(A)(i); *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 869 (7th Cir. 2005). So Shipp's motion will be granted in part and denied in part.

B. **Hobday's motions in limine**

Hobday has submitted five motions in limine. Dkt. 83. Shipp does not object to Hobday's second motion, in which he asks to exclude reference to details of any previous lawsuits filed against the Department of Corrections or its employees. I will grant that motion. I've already granted Hobday's third motion.

That leaves Hobday's first, fourth, and fifth motions. In his first motion, Hobday seeks to exclude argument, questions, testimony, or evidence regarding causation of physical injury, permanence, future care and treatment, or future pain and suffering. I will grant this motion, with a clarification. There isn't any reason to think that Shipp himself has the knowledge or

expertise to analyze medical records or to testify about whether Hobday's actions caused him specific physical injuries that will affect him in the future. But Shipp may describe his own understanding of his physical health and his personal experience during and after the incidents. He can describe any physical or mental symptoms he experienced. He may also cross-examine Hobday's witnesses who testify about causation or Shipp's future care. For example, Shipp has already responded that he might examine Hobday about the consequences of an infection at the site of an extracted tooth.

In his fourth motion, Hobday seeks to dismiss Shipp's Wisconsin-law medical negligence claims for Shipp's failure to provide expert testimony. Hobday notes that in recruiting counsel for Shipp, I stated that the issue whether Hobday's failure to promptly provide Shipp with a second tooth-extraction surgery violated his rights "is the type of complex medical question that the Court of Appeals for the Seventh Circuit has suggested would benefit from recruitment of counsel or appointment of a medical expert." Dkt. 49, at 11. I made that statement regarding Shipp's Eighth Amendment claim but it would apply equally to Shipp's negligence claim about the need for an urgent second surgery.

The general rule is that expert testimony is required to establish the standard of care in a medical negligence case. *Gil v. Reed*, 535 F.3d 551, 557–58 (7th Cir. 2008). But there is an exception to that rule when common knowledge would allow a jury to find negligence. *Id.*; *see also Jones v. Edge*, No. 16-cv-848-jdp, 2018 WL 2301846, at *4 (W.D. Wis. May 21, 2018). I agree with Hobday that dental procedures can be complex. But it's not clear that Shipp's claim about delay with the second surgery will boil down to the intricacies of dental procedures themselves. For instance, the parties dispute whether Hobday refused to perform a second surgery or otherwise flag Shipp's problem for a later surgical appointment. Without seeing the

full range of evidence the parties will adduce on this claim, I'm not convinced that it must be dismissed as a matter of law for lack of expert testimony. And in any event, Shipp states that he plans to cross-examine Hobday's expert, William Giswold, about the standard of care. It's unclear how fruitful that will be for Shipp, and without an expert of his own he is perhaps more vulnerable to a motion for judgment as a matter of law after presentation of his case at trial. But I will deny Hobday's motion to dismiss this negligence claim before trial.

For similar reasons, I will deny Hobday's motion to dismiss regarding Shipp's other negligence claim, about Hobday botching the first surgery by failing to remove Shipp's entire tooth. I'm not yet certain that an expert is necessary to prove that claim, and the claim may hinge on the factual dispute over whether tissue remaining at the surgical site was Shipp's tooth or a bone fragment.

In his fifth motion, Hobday seeks to exclude any reference to alleged racial bias or discrimination. Hobday believes that Shipp might attempt to prove that Hobday treated Shipp differently because Shipp is Black. Hobday points out that in his deposition Shipp mentioned that Hobday made the following comment to him:

> [Hobday] said, "A black man's bones are stronger than a white man's bones. Therefore, a black man's teeth are harder to pull than a white man's teeth." His exact words. Then . . . he said, "That doesn't offend you in any way or anything like that?"

Dkt. 34, at 43:24–44:5.

At Hobday's own deposition, he said something similar: "A person's race statistically will give you an indication of what you might be dealing with bone-wise. His race itself does not dictate what you're going to get." Dkt. 92, at 51:11–14.

Hobday argues that this case is solely about dental care, not race discrimination, that evidence about race discrimination might confuse the jury, and that the probative value of any

4

such evidence is substantially outweighed by the risk of unfair prejudice. Shipp argues that Hobday's comments about race "as it purportedly relates to tooth density and the difficulty in pulling a tooth is directly relevant to his treatment of Shipp." Dkt. 96, at 5. He says that he plans to "suggest[] that Hobday's belief and statements on whether a person's race had an impact on dental care suggests that Hobday may have pulled harder, changed his course of treatment, or has preconceived notions about another person's race in order to administer dental care." *Id.*

I will reserve a ruling on this issue. Shipp should be prepared at the final pretrial conference to identify more specifically how he plans to use Hobday's statements about racial characteristics to support his claims.

ORDER

IT IS ORDERED that:

1. The parties' motions in limine, Dkts. 83 and 91, are GRANTED in part and DENIED in part as set forth above.
2. Defendant's motion to dismiss plaintiff's medical negligence claims, Dkt. 83, is DENIED.

Entered May 11, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

5